Maria A. HARRIS, Plaintiff–Appellant,

v.

CIRCUIT COURT, CLERK'S OFFICE, METROPOLITAN NASHVILLE; Richard Rooker, Circuit Court Clerk, Defendants–Appellees.

No. 01–5382.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before NELSON, DAUGHTREY, and MOORE, Circuit Judges.

### ORDER

Maria A. Harris, a Tennessee resident proceeding pro se, appeals the district court order dismissing her case brought

under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting her administrative remedies, Harris sued the Nashville, Tennessee, Metropolitan Circuit Court Clerk's Office ("Metro") and Circuit Court Clerk Richard Rooker for monetary and injunctive relief. Harris worked as a clerk for Metro from 1990 until she was diagnosed with breast cancer in August 1996. She alleged that the defendants discriminated against her on the basis of her disability and age and retaliated against her when they hired younger employees to fill her position. The district court granted summary judgment to the defendants.

In her timely appeal, Harris essentially restates the claims from her complaint and argues that: (1) the defendants did not have a legitimate reason to terminate her; and (2) the defendants did not reasonably accommodate her illness by permitting her more time to return to work.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Harris began working for Metro in March 1990. Her attendance record included several months of leave-of-absence and weeks of leave without pay. Harris was diagnosed with breast cancer in August 1996. She told Rooker she expected to be off work for about one year. Harris underwent surgeries, chemotherapy, and a bone marrow transplant. In July 1997, Rooker contacted her to inquire about her expected date of return. Harris told him she had not been released by her

doctors, and Rooker suggested she look into long-term disability. In August 1997, Harris had been released by one of her doctors but was unable to tell Rooker when she could return to work. Rooker told her that he needed to fill her position. By the time Harris's others doctors released her to work in October 1997, the defendants had hired two people to fill Harris's position. Harris did not dispute the facts that she had excessive absences, did not give Rooker a return date, and was unable to work from August 1996 to October 1997.

■ The defendants were entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). Assuming Harris satisfied the other elements of an ADA prima facie case, she did not carry her burden of showing that the defendants failed to accommodate her reasonably. *See Walsh v. United Parcel Serv.,* 201 F.3d 718, 725–26 (6th Cir.2000). The ADA does not require an employer to give an employee an indefinite leave of absence when the employee cannot provide the expected duration of her impairment. *See, e.g., Boykin v. ATC/VanCom of Colo., L.P.,* 247 F.3d 1061, 1064 (10th Cir.2001); *Hoskins v. Oakland County Sheriff's Dep't,* 227 F.3d 719, 729 (6th Cir.2000). Despite her poor attendance from March 1990 to August 1996, Rooker held Harris's position open for one year. Although Harris was released to work not long after her termination, the defendants had no way of predicting this. Accordingly, the district court properly granted summary judgment to the defendants on Harris's ADA claim.

■ We also agree with the district court that the defendants were entitled to summary judgment on Harris's ADEA claim. Assuming Harris established a prima facie ADEA case, the defendants articulated a legitimate, non-discriminatory reason for the decision to fill Harris's

position. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As explained above, the defendants presented evidence that Harris had a poor attendance record and was unable to tell Rooker when she could return to work. Although Harris questioned Rooker's motives, she did not present any evidence to show that his articulated reason was a mere pretext for discrimination on the basis of Harris's age. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506–12, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Accordingly, the defendants were entitled to a judgment as a matter of law.

Finally, we conclude that the district court properly granted summary judgment to the defendants on Harris's retaliation claim. The undisputed evidence in the record was that Harris filed her discrimination charges in October of 1997 and May 1998, and Rooker informed Harris that he would fill her position in August 1997. Thus, Harris failed to establish a causal connection between her discrimination charge and her termination. *See Penny v. United Parcel Serv.,* 128 F.3d 408, 417 (6th Cir.1997). Accordingly, this claim lacks merit.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.